IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MOUSER, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PERSONA IDENTITIES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 21cv06478 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Persona Identities, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.   Threshold Requirements**

1. On November 2, 2021 Plaintiff Christine Mouser ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, captioned *Christine Mouser v. Persona Identities, Inc.*, No. 2021-L-000816 (the "State Court Action").

2. Defendant was served with a copy of the Complaint and Summons in the State Court Action through its registered agent on November 5, 2021.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4.  Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

5.  Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") through the use of Defendant's Application Programming Interface ("API"). (Compl., ¶¶ 23-27). Specifically, Plaintiff alleges that Defendant "collected, captured, and stored her biometric identifiers in the form of her facial geometry" from uploaded "selfies," and, in violation of BIPA failed to "make publicly available a written biometric retention and destruction schedule," "to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored," "to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored and used," "inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used," "obtain a written release," and "obtain informed consent to disclose or disseminate the Class' biometrics." (Compl., ¶ 41(a)-(f)).

6.  Plaintiff seeks to represent a putative class of "all individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Compl., ¶ 28).

7.  The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

8. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

9. Plaintiff estimates that the putative class "includes at least thousands of Members." (Compl., ¶ 30.)

10. The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

11. According to the allegations in the Complaint, Plaintiff is a resident and citizen of Illinois. (Compl., ¶ 4).

12. Defendant is a Delaware corporation with its headquarters and principal place of business in San Francisco, California. (Compl., ¶ 5.)

13. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

occurs first." 740 ILCS 14/15(a). Plaintiffs allege that Defendant failed to maintain retention schedules and guidelines for permanently destroying biometric data. (Compl., ¶ 41)

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

14. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

15. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim.").

16. Plaintiff seeks "declaratory relief," "injunctive and equitable relief," "statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), or "statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1)" "reasonable attorneys' fees and costs and other litigation expenses, pursuant to 740 ILCS 14/20(3)" and "pre-and post-judgment interest." (Compl., p. 10-11).

17. Because Plaintiff is seeking statutory damages of $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

18. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**III.     Venue**

19. Venue is proper in the Eastern Division of the Northern District of Illinois because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[3] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

4

20. Defendant will provide written notice of the filing of this Notice of Removal to plaintiff the Circuit Court of the Twelfth Judicial District of Will County.

**WHEREFORE,** Defendant Persona Identities, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: December 3, 2021

PERSONA IDENTITIES, INC.

By: /s/ Amy L. Lenz
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email on December 3, 2021, to:

Jordan R. Frysinger
Timothy P. Kingsbury
Colin P. Buscarini
McGuire Law, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

/s/ Amy L. Lenz