# EXHIBIT 1

# Service of Process
## Information Sheet

| | | |
|---|---|---|
| **Date Served** | : | 11/05/2021 3:40 PM CST |
| **Company Name** | : | PERSONA IDENTITIES, INC. |
| **State** | : | Delaware |
| **Entity ID** | : | 6978487 |
| **SOP Classification** | : | Unknown |
| **Court/Agency** | : | Illinois Supreme Court |
| **Document Type** | : | Summons |
| **Nature of Action** | : | Civil |
| **How Served** | : | In Person |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | **SUMMONS** | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | CHRISTINE MOUSER, on behalf of a class, _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | PERSONA IDENTITIES, INC, et al. _____ **Defendant / Respondent** *(First, middle, last name)* | 2021-L-000816 _____ **Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** Amount claimed: ___ +$ 50,000.00 _____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** Name *(First, Middle, Last)*: McGuire Law, P.C. _____ Street Address, Apt #: 55 W Wacker Dr., 9th Fl _____ City, State, ZIP: Chicago, IL 60601 _____ Telephone: (312) 893-7002 _____ See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:**    LEGALINC CORPORATE Name *(First, Middle, Last)*: PERSONA IDENTITIES, INC LLC c/o SERVICES INC. Street Address, Apt #: 651 N Broad St. Suite 206 _____ City, State, ZIP: Middletown, DE 19709 _____ Telephone: (302) 894-8922 _____ See attached for additional Defendant/Respondent contact information |

| | |
|---|---|
| **Important Information for the person receiving this form:** | You have been sued. Follow the instructions on the next page on how to appear/answer. <br> • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br> • Your written appearance/answer must be filed on time and in the proper form. <br> • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp <br> If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* <br> You should read all of the documents attached. |

Enter the Case Number given by the Circuit Clerk: 2021-L-000816

<table>
<tr><td>

In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.

</td><td>

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:
On this date: _____ at this time: _____ ☑ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: 100 W. Jefferson St.
City, State, ZIP: Joliet, IL 60432

</td></tr>
</table>

<table>
<tr><td>

**STOP!**
The Circuit Clerk will fill in this section.

</td><td>

Witness this Date: _____

Clerk of the Court: _____

*Seal of Court*

</td></tr>
</table>

<table>
<tr><td>

**STOP!**
The officer or process server will fill in the Date of Service.

</td><td>

This *Summons* must be served within 30 days of its date, listed above.

Date of Service: _____
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

</td></tr>
</table>

<table>
<tr><td>

**Plaintiff/Petitioner:**

</td><td>

To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

</td></tr>
</table>

<table>
<tr><td>

**Attention:**

</td><td>

E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

</td></tr>
</table>

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Will _____ **COUNTY** | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |

| | | |
|---|---|---|
| **Instructions** | | |
| Enter above the county name where the case was filed. | CHRISTINE MOUSER, on behalf of a class, _____ <br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | PERSONA IDENTITIES, INC, et al. _____ <br>**Defendant / Respondent** *(First, middle, last name)* | 2021-L-000816 _____ <br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐  Female: ☐  Approx. Age: _____ Hair Color: _____
Height: _____ Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐  Female: ☐  Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2021-L-000816

| DO NOT complete this section. The sheriff, or private process server will complete it. |
| --- |

**By:**

_____
*Signature*

**FEES**

By certified/registered     $ _____

_____
*Print Name*

Service and Return     $ _____

Miles: _____     $ _____

Total     $ _____

# Family Remote Court Instructions for Participants

Court in the Annex rooms 300, 301, 306, 307, 308, 312 and Room 313 in the main courthouse will be conducted via Zoom until further notice. Zoom is **FREE** and can be used with a computer, laptop, I-Pad, smart phone with a camera, or landline telephone. Instructions are below.

| **Meeting ID** | **Password** |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same: | Once you login, you will be asked for a password to join the meeting. |
| J. Archambeault (Rm 701) – 951 2005 0302<br>J. Dow (Rm 704) – 958 2123 0845<br>J. Ewanic (Rm 705) - 955 6908 6067<br>J. Garcia (Rm 702) – 756 136 6153<br>J. Kennison (Rm 703) – 972 3796 2180<br>J. Lund (Rm 602) – 860 206 7112<br>J. Nash (Rm 601) - 984 7035 0576 | The password for each judge is listed below and will always remain the same:<br><br>J. Archambeault (Rm 701) – 313<br>J. Dow (Rm 704) – 753923<br>J. Ewanic (Rm 705) - 011645<br>J. Garcia (Rm 702) – 30734<br>J. Kennison (Rm 703) - 578874<br>J. Lund (Rm 602) –301301<br>J. Nash (Rm 601) - 574662 |
| **You should login 10-15 minutes early** and wait in order to check-in with the Clerk before the judge starts the court call (you may be in a waiting room until admitted). | |

| **Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:** | **Procedure for using Zoom on cell phone:** | **Procedure for using Zoom on a landline or phone without Zoom app:** |
|---|---|---|
| 1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there. | 1. Download the Zoom cloud meeting app on your cell phone. | 1.Dial one of the below US dial-in numbers: |
| 2. Make sure your email address and phone numbers are current with the Circuit Clerk's office. | 2. Open the app and tap "Sign Up" (by following the prompts). | +1 312 626 6799<br>+1 929 436 2866<br>+1 301 715 8592<br>+1 669 900 6833<br>+1 253 215 8782<br>+1 346 248 7799 |
| 3. Once Zoom opens, click "join a meeting" on the upper right. | 3. Tap "Join." | |
| 4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID. | 4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID. | |
| 5. Message box will appear. Click "open Zoom." | 5. Message box will ask for the password. Input the assigned judge's password. | 2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#). |
| 6. Message box will ask for the password. Input the assigned judge's password. | 6. Tap 'Join with video." | |
| 7. Screen should load, showing your face. Click "join with video." | 7. Tap "call using internet audio." | 3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#). |
| 8. Message box will appear, click "join with computer audio." | 8. Tap anywhere on the screen to make the header bars appear. | Rev. 11/20 |

**The Judge shall mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

# Remote Court Instructions for Participants

Court in the Annex rooms A117, A129, A201, A227, A236, Rms 803, 1001 & 1002 in the main courthouse and Rm 2 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

| **Meeting ID** | **Password** |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted). | Once you login, you will be asked for a password to join the meeting. |
| | The password for each judge is listed below and will always remain the same: |
| J. Anderson (Rm A236) – 930 2919 0133 | J. Anderson (Rm A236) – 236236 |
| J. Jarz (Rm 803 ) – 919 7619 1672 | J. Jarz (Rm 803 ) – 311311 |
| J. O'Leary (Rm A227) - 556 881 0712 | J. O'Leary (Rm A227) - 227227 |
| J. Osterberger(Rm 1002)– 954 9877 7674 | J. Osterberger(Rm 1002)– 111111 |
| J. Petrungaro (Rm A117) - 992 7448 0487 | J. Petrungaro (Rm A117) - 117117 |
| J. Rickmon (Rm A201) – 959 2357 1680 | J. Rickmon (Rm A201) – 201201 |
| J. Rossi (Rm A129) - 912 2466 3711 | J. Rossi (Rm A129) - 129129 |
| J. Allen(Rm 1001)- 719 811 8159 | J. Allen (Rm 1001)- 002002 |
| J. Pavich (Rm 002) - 963 988 4732 | J. Pavich (Rm 002) - 002002 |

**Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:**

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3. Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box may ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

**Procedure for using Zoom on cell phone:**

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box may ask for the password. Input the assigned judge's password.

6. Tap 'Join with video."

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

**Procedure for using Zoom on a landline or phone without Zoom app:**

1.Dial one of the below US dial-in numbers:

| United States of America | +1 312 626 6799 |
| | +1 929 436 2866 |
| | +1 301 715 8592 |
| | +1 669 900 6833 |
| | +1 253 215 8782 |
| | +1 346 248 7799 |

2.

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

**The Judge may mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| CHRISTINE MOUSER, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | Hon. |
| PERSONA IDENTITIES, INC., a Delaware corporation, | ) ) ) ) | |
| *Defendant.* | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Christine Mouser ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Persona Identities, Inc. ("Defendant" or "Persona") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges the following based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## INTRODUCTION

1.      Plaintiff seeks to represent a class of individuals who had their unique facial biometrics unlawfully collected and used without their consent or authorization by Persona when they interacted with Persona's identity verification technology.

2.      On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

1

## PARTIES

4.     At all relevant times, Plaintiff has been a citizen of Illinois and a resident of Will County, Illinois

5.     Defendant Persona Identities, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Will County, Illinois.

## JURISDICTION AND VENUE

6.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometric identifiers and/or biometric information in this state.

7.     Venue is proper in Will County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Will County, Illinois, and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Will County, Illinois.

## THE BIOMETRIC INFORMATION PRIVACY ACT

8.     "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

9.     BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

10.     As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

11.     As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

12.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

13.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

14.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

15.     In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

3

     a.     possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

     b.     collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

     c.     selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c); and

     d.     disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

     e.     failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

16.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## FACTS SPECIFIC TO PLAINTIFF

17.     In order to provide its clients with biometric authentication services, Defendant developed a biometrically enabled Application Programming Interface (or "API").

18.     Defendant incorporates its API platform into its clients' mobile or internet-based applications, and collects and analyzes individuals' facial biometric in order to authenticate their identities. For example, Defendant's clients utilize Defendant's API platform to perform identity verification on users of their clients' mobile applications. Critically, Defendant, rather than its customers, performs the biometric identification verification, requiring Defendant's collection and storage of individuals' unique biometrics.

4

19.     One of Defendant's most well-known and largest clients is DoorDash, Inc. ("DoorDash"). DoorDash controls a large market share of the online food ordering and delivery industry, connecting thousands of customers that order from third party restaurants with delivery drivers through its mobile DoorDash application.

20.     During the relevant time period, DoorDash implemented Defendant's API platform into its driver registration process in order to verify its drivers' identities.[1]

21.     In or about September 2021, Plaintiff registered to become a DoorDash delivery driver. During the registration process, Plaintiff was required to upload to Defendant's API platform a photo of her Illinois Driver's License, as well as a "selfie" picture of her face, so that Defendant could biometrically compare the "selfie" with Plaintiff's picture on her Illinois Driver's License. Using its automated verification service, Defendant collected scans of Plaintiff's facial geometry from each image and compared them to confirm a match.

22.     Defendant also stores the biometric identifiers it collects for later use. For instance, after initially registering, DoorDash drivers are occasionally asked to undergo a security check by providing Defendant with another "selfie" before they are allowed to use their DoorDash application. Plaintiff was required to upload a second "selfie" to Defendant's API platform in fall 2021 in order to verify her identity, at which point Defendant compared her facial geometry in this second "selfie" to her facial geometry it had previously stored.

23.     Thus, each time Plaintiff was required to upload a "selfie" to Defendant's API platform, Defendant collected, captured, and stored her biometric identifiers in the form of her facial geometry.

---

[1] https://help.doordash.com/dashers/s/article/Dasher-Identification-Verification-FAQ?language=en_US (last accessed October 19, 2021).

24.     However, even though Defendant collected and stored Plaintiff's and the other Class members' facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometric identifiers.

25.     In addition, at the time Defendant collected and came into possession of Plaintiff's facial biometrics, Defendant failed to make publicly available any written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

26.     Furthermore, on information and belief, Defendant unlawfully disclosed Plaintiff's and other Class members' facial biometric data to its third-party cloud and data storage vendors without Plaintiff's and other Class members' consent.

27.     Finally, Defendant unlawfully profited from the facial biometrics it obtained from Plaintiff and the other Class members. On information and belief, Defendant prices its API identity verification service based on the number of biometric verification processes Defendant performs, meaning biometrics are an integral element of Defendant's identification verification service, and, thus, that Defendant profited directly from Plaintiff's and other Class members' biometric data.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

29.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

6

30.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

31.     Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

32.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a.  Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

   b.  Whether Defendant disseminated facial biometrics;

   c.  Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

   d.  Whether Defendant's conduct violates BIPA;

   e.  Whether Defendant's BIPA violations are willful or reckless; and

   f.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

33.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

34.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

35.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (On behalf of Plaintiff and the Class)

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Defendant Persona is a private entity under BIPA.

38.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

8

39. Plaintiff and the other Class members have had their "biometric identifiers," namely scans of their facial geometry, collected, captured, or otherwise obtained by Defendant when they interacted with Defendant's API platform. 740 ILCS 14/10.

40. Each instance when Plaintiff and the other Class members interacted with Defendant's API platform, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' facial geometry biometric identifiers without valid written consent and without complying with and, thus, in violation of BIPA.

41. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a.    Defendant failed make publicly available a written biometric retention and destruction schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

    b.    Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    c.    Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.    Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

9

      e.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

      f.    Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

42.    By providing DoorDash, and its other clients, paid access to its API platform which relies on the collection and processing of individuals' biometric data, and because, on information and belief, Defendant is compensated by its clients depending on the number of biometric verifications it performs, Defendant profited directly from Plaintiff's and the other Class members' facial biometrics in violation of 740 ILCS 14/15(c).

43.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44.    Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

45.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 22, 2021

Respectfully Submitted,

CHRISTINE MOUSER, individually and on behalf of similarly situated individuals

By:     /s/ Jordan R. Frysinger
        *One of Plaintiff's Attorneys*

Jordan R. Frysinger (ARDC #6335897)
Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| CHRISTINE MOUSER, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2021-L-000816 |
| v. | ) ) ) | Hon. Roger D. Rickmon |
| PERSONA IDENTITIES, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Christine Mouser, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: November 2, 2021           Respectfully Submitted,

                                        CHRISTINE MOUSER, individually and on behalf of a Class of similarly situated individuals

                                        By: /s/ Jordan R. Frysinger
                                        *One of Plaintiff's Attorneys*

Jordan R. Frysinger (ARDC #6335897)
Timothy P. Kingsbury (ARDC #6329936)

1

Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of Illinois residents who had their unique facial biometrics unlawfully collected and used without their consent or authorization by Defendant Persona Identities, Inc. ("Persona"), in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). In order to provide its clients with biometric authentication services, Defendant developed a biometrically enabled Application Programming Interface (or "API"). Defendant incorporates its API platform into its clients' mobile or internet-based applications, and collects and analyzes individuals' facial biometrics in order to authenticate their identities. In doing so, Defendant has violated BIPA because it failed to obtain proper consent prior to collecting users of its clients' applications, such as Plaintiff's and the other class members', facial biometrics. After Plaintiff learned of Defendant's wrongful conduct, she brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's collection of Illinois residents' facial biometrics in violation of BIPA, and to obtain redress for all persons injured by Defendant's conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act is designed to protect individuals' biometrics. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296. Under BIPA, biometric identifiers include handprints, fingerprints and facial geometry; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is captured, converted, stored, or shared. (Complaint, "Compl.," ¶¶ 13,14.)

In recognition of the importance of the security of individuals' biometrics, the Illinois

3

Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b). In addition, BIPA also prohibits private companies from selling, leasing, trading, or otherwise profiting from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c). And lastly BIPA prohibits the "disclos[ure], redisclos[ure], or other[] disseminat[ion]" of biometrics without consent, unless the "disclosure or redisclosure completes a financial transaction" that is requested or authorized by the individual, is required by law, or is required in order to comply with a valid warrant or subpoena. 740 ILCS 14/15(d).

## II.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

In order to provide its clients with biometric authentication services, Defendant developed a biometrically enabled Application Programming Interface (of "API"). (Compl., ¶ 17.) Defendant incorporates its API platform into its clients' mobile or internet-based applications, and collects and analyzes individuals' facial biometrics in order to authenticate their identities. (*Id.* at ¶ 18.) Critically, Defendant, rather than its customers, performs the biometric identification verification, requiring Defendant's collection and storage of individuals' unique biometrics. (*Id.*)

One of Defendant's most well-known and largest clients is DoorDash, Inc, an online food

4

ordering and delivery company. ("DoorDash"). (*Id.* at ¶ 19.) DoorDash implemented Defendant's API platform into its driver registration process in order to verivy its drivers' identities. (*Id.* at ¶¶ 19, 20.) In or about September 2021, Plaintiff registered to become a DoorDash delivery driver. The application required Plaintiff, like other members of the class, to upload to Defendant's API platform a photo of her Illinois Driver's License, as well as a "selfie" picture of her face. (*Id.* at ¶ 21.) Plaintiff's and other class members' Illinois Driver's License and "selfie" picture of their face were then biometrically compared to confirm a match. (*Id.*) Further, Defendant also stores the biometric identifiers it collects for later use. For instance, after initially registering, DoorDash drivers are occasionally asked to undergo a security check by providing Defendant with another "selfie" before they are allowed to use their DoorDash application. (*Id.* at ¶ 22.) Plaintiff and other members of the class were required to upload a subsequent "selfie" to Defendant's API platform in order to verify their identity, at which point Defendant compared their facial geometry in this "selfie" to their facial geometry it had previously stored. (*Id.*) Thus, each time Plaintiff and members of the class were required to upload a "selfie" to Defendant's API platform, Defendant collected, captured, and stored their biometric identifiers in the form of her facial geometry. (*Id.* at ¶ 23.) However, even though Defendant collected and stored Plaintiff's and the other member of the class's facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometric identifiers. (*Id.* at ¶ 24.) In addition, at the time Defendnat collected and came into possesssion of Plaintiff's facial biometrics, Defendant failed to make publicly available any written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession. (*Id.* at ¶ 25.) Furthermore, on information and belief, Defendant unlawfully disclosed Plaintiff's and other Class members' facial biometric data to its third-party cloud and data storage vendors without Plaintiff's and other Class memebers' consent. (*Id.* at ¶

26.) Finally, Defendant unlawfully profited from the facial biometrics it obtained from Plaintiff and the other Class members. (*Id.* at ¶ 27.) On information and belief, Defendant prices its API identity verification services based on the number of verification processes Defendant performs, meaning biometrics are an integral element of Defendant's identification verification service, and, thus, that Defendant profited directly from Plaintiff's and other Class members' biometric data. (*Id.*)

### B. The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl., ¶ 28.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

### III. ARGUMENT

### A. Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

6

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v.*

*Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there thousands of members of the Class. (Compl., ¶ 30.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records as Persona captures, collects, stores, uses, and disseminates the

8

biometrics of their biometric API technology. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents; whether Defendant disseminated facial biometrics; whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information; whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 32.)

As alleged, and as will be shown through obtainable evidence, during the relevant time period Defendant engaged in a common course of conduct by collecting, capturing, storing, using, and disseminating Class members' biometric identifiers (facial geometrics) or biometric information without obtaining the proper consent required by BIPA. Given that BIPA requires a

record of consent to engage in such conduct, whether Defendant had valid consent is also a common issue subject to common resolution. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, her facial biometric identifiers or biometric information were obtained by Defendant through their biometric API technology used to provide authentication services. (Compl., ¶ 17.) Plaintiff's pursuit of this matter against Defendant demonstrates that she will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.     Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action

is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-

801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure

the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other

ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In

practice, a "holding that the first three prerequisites of section 2-801 are established makes it

evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell &

Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a

class action . . . a fair and efficient method to resolve the dispute."). Because numerosity,

commonality and predominance, and adequacy of representation have been satisfied in the instant

case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many

cases is that the class action is the only practical means for class members to receive redress."

*Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class

actions are often the last barricade of…protection."). A class action is superior to multiple

individual actions "where the costs of litigation are high, the likely recovery is limited" and

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a

class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data

privacy violations and data breaches, which can involve significant injury to the those effected,

but result in many small, individual claims. Here, absent a class action, most members of the Class

would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple

individual actions would be judicially inefficient.

11

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 2, 2021

Respectfully Submitted,

CHRISTINE MOUSER, individually and on behalf of a class of similarly situated individuals

By: /s/ Jordan R. Frysinger
*One of Plaintiff's Attorneys*

Jordan R. Frysinger (ARDC #6335897)
Timothy P. Kingsbury (ARDC #6329936)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.

12

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*