THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHERYL MAGUIN, individually and on behalf of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> PERSONA IDENTITIES, INC., a Delaware corporation, <br><br> *Defendant.* | No. 21-cv-06478 <br><br> Hon. Joan B. Gottschall |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Sheryl Maguin ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant Persona Identities, Inc. ("Defendant" or "Persona") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges the following based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

**INTRODUCTION**

1. Plaintiff seeks to represent a class of individuals who had their unique biometric identifiers and biometric information unlawfully collected and used without their consent by Persona.

2. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

1

**PARTIES**

4. At all relevant times, Plaintiff Sheryl Maguin has been a citizen of Illinois and a resident of Illinois.

5. Defendant Persona Identities, Inc. is a Delaware corporation that conducts business throughout Illinois.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) et seq., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

7. This Court may assert personal jurisdiction over Defendant, because Defendant knowingly does business within Illinois and knowingly transacts business in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's in-state actions as Plaintiffs' facial biometrics were knowingly obtained by Defendant in Illinois.

8. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District.

**THE BIOMETRIC INFORMATION PRIVACY ACT**

9. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

2

10. BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

11. As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

12. As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

13. Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that obtain biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

14. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

15. "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric

3

identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

16. In BIPA, the Illinois General Assembly identified five distinct activities that subject private entities to liability:

    a. possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

    b. collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

    c. selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c); and

    d. disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

    e. failing to secure biometrics using a reasonable standard of care, 740 ILCS 14/15(e).

17. As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## FACTS SPECIFIC TO PLAINTIFF

18. In order to provide its clients with biometric identity verification services, Defendant developed and sold a proprietary biometrically enabled software Application Programming Interface (or "API").

19. Defendant's customers incorporate Defendant's API platform into their mobile or internet-based applications, and collect and analyzes individuals' facial biometrics in order to

authenticate their identities. Critically, Defendant, rather than its customers, performs the biometric identification verification, requiring Defendant's collection and storage of individuals' unique biometrics.

20. One of Defendant's clients is DoorDash, Inc. ("DoorDash"). DoorDash connects its thousands of restaurant customers with delivery drivers through its mobile DoorDash application.

21. During the relevant time period, DoorDash implemented Defendant's API platform into its driver registration process in order to verify its drivers' identities.[1]

22. In 2019, Plaintiff Sheryl Maguin while residing in Illinois registered to become a DoorDash delivery driver. During the registration process, Plaintiff Maguin was required to upload a photo of her Illinois Driver's License, as well as a "selfie" of her face, to Defendant's API platform so that Defendant could compare biometric information captured from her selfie, with the biometric information captured from her Illinois Driver's License. Using its automated identity verification service, Defendant collected scans of Plaintiff Maguin's facial geometry from both her selfie and her driver's license.

23. Defendant also stores the biometric identifiers it collects for later use. For instance, after initially registering, DoorDash drivers are occasionally asked to undergo a security check by providing Defendant with another "selfie" before they are allowed to use their DoorDash application. Plaintiff Maguin was required to upload numerous additional "selfies" to Defendant's API platform in order to verify her identity on multiple occasions after her initial registration. At

---

[1] https://help.doordash.com/dashers/s/article/Dasher-Identification-Verification-FAQ?language=en_US (last accessed January 31, 2022).

which point Defendant compared her facial geometry in the subsequently submitted "selfies" to her facial geometry it had previously stored.

24. Thus, each time Plaintiff was required to upload a "selfie" to Defendant's API platform from within Illinois, Defendant collected, captured, and stored Plaintiff's biometrics in the form of her facial geometry and associated biometric information.

25. On information and belief, Defendant has required Plaintiff Maguin to submit three to four additional selfies for biometric verification while in the state of Illinois.

26. However, even though Defendant collected and stored Plaintiff's and the other Class members' facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometric identifiers.

27. In addition, at the time Defendant collected and came into possession of Plaintiff's biometrics, Defendant failed to make publicly available any written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

28. Furthermore, on information and belief, Defendant unlawfully disclosed Plaintiff's and other Class members' biometrics to its third-party cloud and data storage vendors without the consent of Plaintiff and the other Class members.

29. Finally, Defendant unlawfully profited from the biometrics it obtained from Plaintiff and the other Class members. On information and belief, Defendant prices its API identity verification service based on the number of biometric verifications Defendant performs, meaning that Defendant profited directly from the capture of Plaintiff's and other Class members' biometrics.

## **CLASS ALLEGATIONS**

30. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, received through trade, or otherwise obtained by Defendant within the state of Illinois any time within the applicable limitations period.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

32. There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

33. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant collects, captures, or otherwise obtains biometric identifiers or biometric information from Illinois residents;

   b. Whether Defendant disseminated biometrics;

   c. Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    d.   Whether Defendant's conduct violates BIPA;

    e.   Whether Defendant's BIPA violations are willful or reckless; and

    f.   Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

37.    Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class)**

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    Defendant Persona is a private entity under BIPA.

40. BIPA requires private entities like Defendant to obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41. Plaintiff and the other Class members have had their "biometric identifiers," namely facial geometry and associated biometric information, collected, captured, or otherwise obtained by Defendant when they interacted with Defendant's API platform. 740 ILCS 14/10.

42. Each instance when Plaintiff and the other Class members interacted with Defendant's API platform, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' facial geometry biometric identifiers without valid written consent and without complying with and, thus, in violation of BIPA.

43. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a. Defendant failed make publicly available a written biometric retention and destruction schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

  b. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

  c. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  d. Defendant failed to inform Plaintiff and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  e. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

  f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

44. By providing DoorDash, and its other clients, paid access to its API platform which relies on the collection and processing of individuals' biometric data, and because, on information and belief, Defendant is compensated by its clients depending on the number of biometric verifications it performs, Defendant profited directly from Plaintiff's and the other Class members' biometrics in violation of 740 ILCS 14/15(c).

45. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

46. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

47. Accordingly, with respect to Count I, Plaintiff, both individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representatives sand the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 31, 2022	Respectfully Submitted,

SHERYL MAGUIN, individually and on behalf of similarly situated individuals

By:  <u>/s/ Timothy P. Kingsbury</u>
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Colin P. Buscarini
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*