**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHERYL MAGUIN, individually and on behalf of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) PERSONA INDENTITIES, INC. ) A Delaware corporation, ) ) *Defendant*. ) | No. 21-cv-06478 Hon. Joan B. Gottschall |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Sheryl Maguin ("Plaintiff Maguin"), through her undersigned counsel, hereby moves, pursuant to Fed.R.Civ.P. 15(a)(2), for leave of Court to file a Second Amended Complaint in this matter. In support of her Motion, Plaintiff states as follows:

1. On October 22, 2021, then-Plaintiff Christine Mouser ("Plaintiff Mouser") initiated this action in the Circuit Court of Will County, Illinois with the filing of her Class Action Complaint ("Complaint") against Defendant Persona Identities Inc. ("Defendant"). Ms. Mouser's Complaint asserted claims against Defendant under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

2. On December 3, 2021, Defendant removed the lawsuit to the U.S. District Court for the Northern District of Illinois.

3. On January 10, 2022, Defendant filed a Motion to Dismiss. (Dkt. 15).

4. On January 31, 2022, a First Amended Complaint was filed as matter of course, pursuant to Fed.R.Civ.P. 15(a)(1), replacing Plaintiff Mouser with Plaintiff Maguin as the representative of the putative class. (Dkt. 18).

5. On February 22, 2022, Defendant filed a Motion to Dismiss the First Amended Complaint. (Dkt. 25).

6. Since the filing of the First Amended Complaint, Plaintiff has gained a more complete factual understanding of the biometric transactions at issue, as well as the parties involved. Plaintiff is now in receipt of information from Defendant not previously available to her suggesting that she may not be an optimal representative of the putative Class in this matter. (*See* Dkt. 25 at 2) ("Persona has no record of Plaintiff at all".)

7. Accordingly, the proposed Second Amended Complaint, attached hereto as Exhibit A, will replace Plaintiff Maguin as the named class representative with two other putative class members, Cassandra Boyle and Katie Simms, who Plaintiff believes are better situated to represent the putative class as named plaintiffs.

8. Thus, pursuant to Fed.R.Civ.P. 15(a)(2), Plaintiff seeks leave from the Court to file the Second Amended Complaint, which substitutes Plaintiff Maguin with Ms. Boyle and Ms. Simms as named plaintiffs.

9. "G]overning precedent endorses motions to join additional named plaintiffs to a putative class action in prompt response to a challenge raised by the defendant to the original named plaintiff(s)," and "the Seventh Circuit [has] observed that the entry into the case of new putative class representatives is appropriate if it is 'sought as soon as a substantial challenge to certification is made' by the defendant to the original putative class representative's adequacy or typicality." *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 793 (N.D. Ill. 2021) (citing *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011)).

10. Rule 15(a)(2) provides that federal courts "should freely give leave [to amend] when justice so requires." Accordingly, "[l]eave to amend should be given freely unless there is a

2

showing of futility, undue delay, undue prejudice, or bad faith." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 347 (7th Cir. 2015). No showing of futility, undue delay, undue prejudice, or bad faith is possible here.

11.     First, granting Plaintiff leave to file her Second Amended Complaint is not futile, as this case is still in its infancy, the BIPA claims asserted against Defendant in this litigation have yet to be tested, the Court has set no deadline for pleading amendments, and no discovery has been conducted. Second, permitting the filing of the Second Amended Complaint presents absolutely *no* risk of prejudice to any party. While Defendant has filed its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 25), such Motion is substantively and legally similar to Defendant's previously-filed Motion to Dismiss. (Dkt. 15). Importantly, the proposed Second Amended Complaint does not materially alter the substantive allegations against Defendant, but rather primarily addresses standing deficiencies with respect to Plaintiff Maguin. As such, Defendant is free to re-file another substantively similar Motion to Dismiss if it so chooses.

12.     Plaintiff moves for leave to file the Second Amended Complaint in good faith and to ensure that the best class representatives are representing the class. Plaintiff also moves for leave in the interest of promoting judicial economy, as it would be more efficient to substitute the class representatives at this early stage of the litigation rather than at some later stage, such as after discovery or after dispositive motion practice.

WHEREFORE, for the reasons set forth above, Plaintiff, individually and on behalf of all others similarly situated, requests that this Court enter an Order: (a) granting her leave to file the proposed Second Amended Class Action Complaint and (b) for such other and further relief as this Court deems reasonable and just.

Dated: March 15, 2022                    Respectfully submitted,

                                         SHERYL MAGUIN individually and on behalf of similarly situated individuals

                                         By:   /s/ David L. Gerbie
                                               *One of Plaintiff's Attorneys*

David L. Gerbie
Timothy P. Kingsbury
Colin P. Buscarini
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 15, 2022, I caused the foregoing *Plaintiff's Motion for Leave to File Second Amended Complaint* to be electronically filed with the Clerk of the Court using the CM/ECF system, with a copy sent by electronic mail on all counsel of record.

/s/ David L. Gerbie