IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHERYL MAGUIN, individually and on Behalf of similarly situated individuals, )<br>)<br>Plaintiff, )<br>)<br>PERSONA IDENTITIES, INC., )<br>a Delaware corporation, )<br>)<br>Defendant. ) | No. 21-cv-06478<br><br>Hon. Joan B. Gottschall |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Persona Identities, Inc. ("Persona"), by and through its undersigned counsel, hereby moves in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. In support of its opposition, Persona states as follows:

### INTRODUCTION

Persona has filed two motions to dismiss with supporting declarations showing why Plaintiff's proposed representatives do not state a claim against Persona, and rather than substantively respond to the deficiencies identified in Persona's motions, Plaintiff now presents a third complaint that, again, fails to fix the deficiencies identified by Persona in their motions and supporting declarations. These repeated pleadings greatly prejudice Persona as it continues to defend and expend attorneys' fees on baseless allegations. Plaintiff's Motion for leave to file her Second Amended Complaint must be denied because the proffered named representatives, again, fail to state a claim against Persona.

### PROCEDURAL HISTORY

Prior plaintiff Christine Mouser filed a putative class action complaint against Persona on October 22, 2021 in the Circuit Court of Cook County, Illinois (the "Initial Complaint"), alleging violations of the Illinois Biometric Information Privacy Act for Persona's alleged collection of

face geometry from Door Dash delivery drivers during enrollment. Dkt. 2-1. Persona removed the case to the Northern District of Illinois. Dkt. 2. Persona then filed its Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 15) and a supporting declaration which stated that Plaintiff Mouser signed up to a be DoorDash driver in late August, early September 2021, at which time she was presented with a screen where she consented to the collection of her biometric data. Dkt. 15-1. In light of this motion, on January 31, 2022, Plaintiff amended her Complaint, dismissing Christine Mouser, and substituting in Sheryl Maguin as named plaintiff (the "First Amended Complaint"). Dkt. 18. Plaintiff's First Amended Complaint alleged that Plaintiff Maguin signed up to be a DoorDash driver in 2019, during which Persona collected Plaintiff's biometric information, and used this information to perform re-verifications throughout Plaintiff's employment with DoorDash. Dkt 18.

On February 22, 2022, Persona filed its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 25) and a supporting declaration which stated that Persona does not have any record of Sheryl Maguin, Persona did not provide any services to DoorDash in 2019, and since providing its services to DoorDash, Persona has only used Persona's API on *new* DoorDash delivery drivers. Dkt. 25-1. Persona's declaration further declared that it has *not* provided any re-verification services for DoorDash delivery drivers. Dkt. 25-1.

On March 15, 2022, rather than respond to Persona's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff filed her Motion for Leave to File Second Amended Complaint (the "Motion") – asking for leave to substitute two new plaintiffs in place of Plaintiff Maguin because Plaintiff "may not be an optimal representative" in light of Persona's declaration explaining that Persona had no record of Plaintiff Maguin. Dkt. 26 at ¶ 6.

2

The latest proposed substitute Plaintiffs suffer from the same infirmities as Plaintiff Maguin, which prompted the filing of the proposed Second Amended Complaint.

## ARGUMENT

A. **Standard of Law.**

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a plaintiff leave to amend if 'there is undue delay, bad faith[,] or dilatory motive ... [, or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007); *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972) ("The test is whether or not the allegations of other facts consistent with the challenged pleading could cure the deficiency in the complaint.").

B. **Plaintiff's Motion Should Be Denied Because The Proposed Second Amended Complaint is Futile.**

Plaintiff's Motion should be denied because the proposed Second Amended Complaint is futile. "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). *Ali v. Volkswagen Grp. of Am., Inc.*, No. 19 C 6148, 2021 WL 4146870, at *2 (N.D. Ill. Sept. 13, 2021) ("An amendment is futile when it could not withstand a motion to dismiss.").

Plaintiff argues that "Plaintiff has gained a more complete factual understanding of the biometric transactions at issue, as well as the parties involved. Plaintiff is now in receipt of information from Defendant not previously available to her suggesting that she may not be an optimal representative of the putative Class in this matter." Pl's Mot. for Leave to File 2nd Am. Compl., Dkt. 26, ("Mot. for Leave"), ¶ 6. Plaintiff further argues that "the proposed Second

3

Amended Complaint does not materially alter the substantive allegations against Defendant, but rather primarily addresses standing deficiencies with respect to Plaintiff Maguin." Mot. for Leave, ¶ 11.

However, Plaintiff already attempted to cure deficiencies presented in its initial Complaint by substituting in Plaintiff Maguin, failed to do so, and now the two new proposed named plaintiffs, Cassandra Boyle and Katie Simms, have the same identified deficiencies as Plaintiff Maguin. Plaintiff's Motion, therefore, should be denied.

1. Proposed Plaintiff Cassandra Boyle

Plaintiff's proposed Second Amended Complaint substitutes Plaintiff Mouser for Cassandra Boyle, but this amendment still fails to state a claim against Persona for the same reason identified in Persona's motion to dismiss Plaintiff's First Amended Complaint—namely, because Persona did not provide its API to DoorDash at the time that Plaintiff alleged Plaintiff Boyle applied to be a DoorDash driver. (*See generally* Dkt. 25 pp. 6-7). Moreover, neither Persona, nor DoorDash, has any record of Plaintiff Boyle. Supplemental Declaration of Christie Kim ("Supp. Kim Decl."), ¶ 6, **Exhibit 1**; Declaration of Krista Roehrman ("Roehrman Decl."), ¶ 3, **Exhibit 2**.

Plaintiff's proposed Second Amended Complaint alleges that "[i]n 2019, Plaintiff Cassandra Boyle while residing in Illinois registered to become a DoorDash delivery driver" during which she was "required to upload a photo of her Illinois Driver's License, as well as a "selfie" of her face, through the DoorDash application. Through the DoorDash application and using its automated identity verification service Defendant collected scans of Plaintiff Boyle's facial geometry from both her selfie and her driver's license." Proposed 2nd Amd. Compl., ¶ 23. Plaintiff does not attempt to cure the deficiency identified in Persona's motion to dismiss her Second Amended Complaint at all, but rather just replaces Plaintiff Maguin's name with Plaintiff

4

Boyle's. Therefore, this allegation clearly fails to cure the deficiencies identified in Persona's motion to dismiss Plaintiff's First Amended Complaint and the amendment is futile because Persona was not providing its API to DoorDash in 2019. *See* Dkt. 25-1, ¶ 3; *see also* Supp. Kim Decl., ¶ 3. Therefore, Persona could not have collected, stored, or analyzed the selfie or Driver's license that Plaintiff Boyle alleges she submitted during her enrollment as a DoorDash deliver driver in 2019. Compl. ¶ 23.

Plaintiff further alleges that "Defendant also stores the biometric identifiers it collects for later use. For instance, after initially registering, DoorDash Drivers are occasionally asked to undergo a security check by providing Defendant with another 'selfie' before they are allowed to use their DoorDash application." Proposed 2nd Amd. Compl. ¶ 25. Plaintiff further alleges that, "Plaintiff Boyle was required to upload numerous additional 'selfies' to Defendant's API platform in order to re-verify her identity on multiple occasions after her initial 2019 registration, including multiple times in 2020. After uploading such additional selfies, Defendant again captured and used her biometrics and compared the facial geometry from the subsequently submitted 'selfies' to the facial geometry it had previously stored." *Id*. Again, Plaintiff merely substitutes Plaintiff Boyle's name in for Plaintiff Maguin's. Therefore, this allegation also fails to cure the deficiencies identified in Persona's motion to dismiss Plaintiff's First Amended Complaint and the amendment is futile because, once Persona contracted with DoorDash, Persona did not use its API on pre-existing DoorDash drivers; Persona only used its API on *new* DoorDash driver enrollees. *See* Dkt. 25-1, ¶ 4; *see also* Supp. Kim Decl., ¶ 4. Accordingly to the allegations, Plaintiff Boyle was already enrolled *prior to* Persona providing its API to DoorDash, therefore, Persona did not receive Plaintiff's selfie or driver's license. Further, Persona did not use its API to perform any re-verifications on existing DoorDash drivers (*see* Dkt. 25-1, ¶ 5; *see also* Supp. Kim Decl., ¶ 5),

5

therefore, Persona did not use Plaintiff Boyle's initial selfie and driver's license to compare with the selfies Plaintiff Boyle alleges she uploaded after her initial registration. Proposed Amd. Compl. ¶ 25.

Plaintiff's proposed Second Amended Complaint fails to cure the deficiencies identified in Plaintiff's First Amended Complaint. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019) ("plaintiffs' repeated failure to cure the deficiencies raised by defendants warranted denial of the motion [for leave to amend]."). Plaintiff's amendment is, therefore, futile because it fails to state a claim upon which relief can be granted and Plaintiff's Motion for leave must be denied. *Ali v. Volkswagen Grp. of Am., Inc.*, No. 19 C 6148, 2021 WL 4146870, at *2 (N.D. Ill. Sept. 13, 2021) ("An amendment is futile when it could not withstand a motion to dismiss.").

### 2. Proposed Plaintiff Katie Simms

Plaintiff's proposed Second Amended Complaint also seeks to substitute Plaintiff Katie Simms for Plaintiff, but this amendment still fails to state a claim against Persona. This is because, just like Plaintiff Maguin and Plaintiff Boyle, neither Persona nor DoorDash have any record of a "Katie Simms." Supp. Kim Decl., ¶ 7; Roehrman Decl., ¶ 4. Persona has a record of a Katherine Simms, but not in relation to an Illinois ID or Illinois IP address. Supp. Kim Decl., ¶ 7.

As shown, Plaintiff's proposed Second Amended Complaint fails to cure the deficiencies identified in Plaintiff's Amended Complaint because Persona and DoorDash have no record of Plaintiff Simms. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019) ("plaintiffs' repeated failure to cure the deficiencies raised by defendants warranted denial of the motion [for leave to amend]."). Plaintiff's amendment is futile because it fails to state a claim upon which relief can be granted against Persona and, therefore, Plaintiff's Motion for leave

6

must be denied. *Ali v. Volkswagen Grp. of Am., Inc.*, No. 19 C 6148, 2021 WL 4146870, at *2 (N.D. Ill. Sept. 13, 2021) ("An amendment is futile when it could not withstand a motion to dismiss.").

## CONCLUSION

WHEREFORE, Defendant Persona Identities, Inc. respectfully requests that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and for all other and further relief as this court deems just.

Dated: March 30, 2022

Respectfully submitted,

/s/ Amy L. Lenz
Amy L. Lenz
Bonnie Keane DelGobbo
**BAKER & HOSTETLER LLP**
One N. Wacker Dr., Suite 4500
Chicago, IL 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
alenz@bakerlaw.com
bdelgobbo@bakerlaw.com

Joel Griswold
**BAKER & HOSTETLER LLP**
200 S. Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

*Attorneys for Defendant Persona Identities, Inc.*

4862-6734-7478.1
4862-6734-7478.3

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Motion in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint** to be served on counsel of record via ECF on March 30, 2022, to:

Jordan R. Frysinger
Timothy P. Kingsbury
Colin P. Buscarini
McGuire Law, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

                                                /s/ Amy L. Lenz

4862-6734-7478.1
4862-6734-7478.3