IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sheryl Maguin, individually and on behalf of similarly situated individuals,<br><br>            Plaintiff,<br><br>    v.<br><br>Persona Identities, Inc.,<br><br>            Defendant. | Case No. 21-cv-6478<br><br>Judge Joan B. Gottschall |

## ORDER

This proposed diversity class action under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1 et seq., comes before the court on a motion for leave to file a second amended complaint. In the original and first amended complaints, the plaintiff alleged that she registered to be a driver for non-party DoorDash, Inc. ("DoorDash"), a delivery service, and that DoorDash's app utilized Application Programming Interface ("API") software provided by defendant Persona Identities, Inc. ("Persona"), to authenticate and identify the plaintiff using facial recognition data gathered from a photograph of the plaintiff's driver's license and one or more selfies. See Orig. Compl. ¶¶ 17–27, ECF No. 2-1; First Am. Compl. ("FAC") ¶¶ 18–29, ECF No. 18.

Christine Mouser filed the original complaint in the Circuit Court of Will County, Illinois. ECF No. 2-1. Persona removed the case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), Notice of Removal ¶¶ 8–18, ECF No. 2, and moved to dismiss the original complaint for failure to state a claim on several grounds. ECF No. 15. They included an argument that the BIPA violates the First Amendment and a contention that Mouser expressly consented to the collection and storage of her biometric information. See id. at 15–22. In

response, Mouser exercised her right to file an amended complaint as a matter of course, substituting Sheryl Maguin as the plaintiff. *See* Fed. R. Civ. P. 15(a)(1)(B).

Maguin alleged in the FAC that she registered to be a DoorDash driver in 2019 (two years earlier than Mouser) and that the DoorDash app, using Persona's API, required her to upload a copy of her driver's license photo and a selfie. *See* ECF No. 18 ¶ 22. Persona moved to dismiss the FAC for failure to state a claim. ECF No. 25. Among other things, Persona argued that Maguin's claims failed because DoorDash was not using its API in 2019. *Id*. at 7. Persona submitted a declaration of its Chief Operating Officer (COO), Christie Kim, so averring and further stating, "Since providing its services to DoorDash, Persona has only used Persona's API on *new* DoorDash delivery driver applicants. DoorDash delivery drivers who were existing drivers prior to DoorDash using Persona's API did not resubmit photographs or driver's licenses through Persona's API after DoorDash started using Persona's API." Decl. of C. Kim ("First Kim Decl.") ¶ 4, Feb. 18, 2022, *id.* Ex. A, ECF No. 25-1 (emphasis in original). Kim further averred that Persona "does not have any record of a Sheryl Maguin." *Id.* ¶ 6.

In lieu of responding to the motion to dismiss, Maguin filed the pending motion and a proposed second amended complaint ("SAC"). Motion, ECF No. 26; Proposed SAC, ECF No. 26-1. Citing Persona's motion to dismiss the FAC, Maguin represented that she was "in receipt of information from Defendant not previously available to her suggesting that she may not be an optimal representative of the putative Class in this matter." Motion 2. Maguin proposes to replace herself with Cassandra Boyle and Katie Simms as co-lead plaintiffs. *Id.* at 1. The proposed SAC alleges that Boyle and Simms signed up to be DoorDash drivers in 2019 and July 2021, respectively. Proposed SAC ¶¶ 23, 24.

Persona responds that the proposed SAC suffers from some of the same defects as the prior complaints. Persona relies on Kim's affidavit dated February 18, 2022, discussed above, and a supplemental Kim declaration averring that Persona has no record of proposed plaintiffs "Cassandra Boyle" or "Katie Simms." *See* ECF No. 30 at 4–7; Decl. of C. Kim ("Suppl. Kim Decl.") ¶¶ 6–7, Mar. 22, 2022, *id.* Ex. 1, ECF No. 30-1. Persona has "a record of a 'Katherine Simms,' but not in relation to an Illinois ID or Illinois IP address." Suppl. Kim Decl. ¶ 7. Finally, a declaration of a DoorDash supervisor attached to Persona's response states that DoorDash has no records of an Illinois resident named "Cassandra Boyle" or "Katie Simms" registering for a DoorDash driver account (referred to as a "Dasher account") in 2019 or 2021, respectively. Decl. of K. Roehrman ¶¶ 3–4, Resp. Ex. 2, ECF No. 30-2.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely granted "when justice so requires." But leave to file an amended complaint may be properly denied as futile where the plaintiff fails to establish Article III standing. *See Robertson v. Allied Sols., LLC*, 902 F.3d 690, 699 (7th Cir. 2018). "Standing to bring a suit in federal court depends on the plaintiff's having suffered an injury in fact, which she can trace to the defendant's challenged conduct, and which can be redressed by a favorable judicial decision." *Id.* at 694 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Proposed plaintiff Simms does not dispute Persona's evidence that she did not sign up to be a DoorDash driver and did not submit her driver's license photo or a selfie to DoorDash via Persona's API. Since there is no evidence that Persona collected or retained Simms's protected biometric information as defined in the BIPA, she has not established that she suffered a concrete and particularized injury in fact. *See Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1246–47 (7th Cir. 2021).

Persona raises a traceability problem concerning Boyle: "If the 'independent action of some third party not before the court' causes [Plaintiff's harm], then the complaint fails the traceability test." *Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918, 926 (7th Cir. 2008) (quoting *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 972 (7th Cir. 2005)). Kim's unchallenged declarations demonstrate that DoorDash did not use Persona's API in 2019 to capture or retain Boyle's protected biometric information, and DoorDash did not later submit Boyle's biometric information to Persona's API because she was a pre-existing driver. *See* First Kim Decl. ¶ 4; Suppl. Kim Decl. ¶ 4. Given this unchallenged evidence, Boyle's alleged concrete and particularized injuries cannot fairly be traced to Persona on this record, so both proposed plaintiffs have failed to establish Article III standing.

For the reasons stated, plaintiff's motion for leave to file her proposed second amended complaint is denied as futile. Plaintiff Maguin appears to lack Article III standing for reasons identical to proposed plaintiff Boyle. Federal courts must raise the jurisdictional question of Article III standing on their own initiative. *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). The court therefore gives the parties until and including May 25, 2022, to tell the court any reason why Maguin's individual claim should not be dismissed without prejudice for want of Article III standing and why this case should not be remanded to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

Dated: May 11, 2022            /s/
                                                                                   Joan B. Gottschall
                                                                                  United States District Judge