# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHERYL MAGUIN, individually and on Behalf of similarly situated individuals, ) ) ) Plaintiff, ) ) PERSONA IDENTITIES, INC., ) a Delaware corporation, ) ) Defendant. | No. 21-cv-06478<br><br>Hon. Joan B. Gottschall |

## MOTION IN RESPONSE TO COURT'S MAY 11 ORDER AND REQUESTING RULING ON DEFENDANT'S UNOPPOSED MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Persona Identities, Inc. ("Persona"), by and through its undersigned counsel, hereby responds to the Court's May 11, 2022 Order and move the Court to rule on Defendant's pending, unopposed Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 25) and dismiss the Amended Complaint in its entirety, with prejudice. In support thereof, Defendant states as follows:

### Introduction

Plaintiff cannot state a claim upon which relief can be granted. *See* Dkt. 25. Plaintiff's inability to state a claim does not mean the Court lacks subject jurisdiction to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6). Indeed, if a federal court lost subject matter jurisdiction whenever a plaintiff could not state or prove the claim at issue, then federal courts would be rendered incapable of granting dispositive motions with prejudice. Persona respectfully requests that the Court grant the pending motion to dismiss the Amended Complaint in its entirety and with prejudice.

**Background**

Prior plaintiff Christine Mouser filed a putative class action complaint against Persona on October 22, 2021 in the Circuit Court of Cook County, Illinois (the "Initial Complaint"), alleging violations of the Illinois Biometric Information Privacy Act for Persona's alleged collection of face geometry from Door Dash delivery drivers during enrollment. Dkt. 2-1. Persona removed the case to the Northern District of Illinois. Dkt. 2. Persona then filed its Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 15) and a supporting declaration which stated that Plaintiff Mouser signed up to a be DoorDash driver in late August, early September 2021, at which time she was presented with a screen where she consented to the collection of her biometric data. Dkt. 15-1. In light of this motion, on January 31, 2022, Plaintiff amended her Complaint, dismissing Christine Mouser, and substituting in Sheryl Maguin as named plaintiff (the "First Amended Complaint"). Dkt. 18. Plaintiff's First Amended Complaint alleged that Plaintiff Maguin signed up to be a DoorDash driver in 2019, during which Persona collected Plaintiff's biometric information, and used this information to perform re-verifications throughout Plaintiff's employment with DoorDash. Dkt 18.

On February 22, 2022, Persona filed its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 25) and a supporting declaration which stated that Persona does not have any record of Sheryl Maguin, Persona did not provide any services to DoorDash in 2019, and since providing its services to DoorDash, Persona has only used Persona's API on new DoorDash delivery drivers. Dkt. 25-1. Persona's declaration further declared that it has not provided any re-verification services for DoorDash delivery drivers. Dkt. 25-1.

On March 15, 2022, rather than respond to Persona's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff filed her Motion for Leave to File Second Amended Complaint (the

"Motion for Leave") – asking for leave to substitute two new plaintiffs in place of Plaintiff Maguin because Plaintiff Maguin "may not be an optimal representative" in light of Persona's declaration explaining that Persona had no record of Plaintiff Maguin. Dkt. 26 at ¶ 6. The latest proposed substitute Plaintiffs suffer from the same infirmities as Plaintiff Maguin, which prompted the filing of the proposed Second Amended Complaint. Persona, therefore, filed a Motion in Opposition to Plaintiff's Motion for Leave to File Proposed Second Amended Complaint in light of these infirmities. Dkt. 30. Plaintiff did not file a reply.

On May 11, 2022 the Court issued an Order and Opinion denying Plaintiff's Motion for Leave as futile, but giving the parties until and including May 25, 2022 to argue why the case should not be dismissed without prejudice for want of Article III jurisdiction and remanded to state court for lack of subject matter jurisdiction. Dkts. 32, 33.

## Discussion

I. **The Court Should Dismiss Plaintiff's First Amended Complaint With Prejudice Pursuant To The Arguments Raised In Defendant's Pending, Unopposed Motion to Dismiss.**

The Court should rule on Defendant's pending, unopposed Motion to Dismiss and dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice. Plaintiff filed a First Amended Complaint naming Sheryl Maguin as named-plaintiff. Dkt. 18. Defendant filed a Motion to Dismiss the First Amended Complaint, arguing that Persona had no record of Plaintiff at all and, nonetheless, was not providing the API services Plaintiff's claim violated BIPA in 2019 when Plaintiff allegedly signed up to be a DoorDash driver. *See* Dkt. 25, p. 2. In lieu of opposing Defendant's Motion to Dismiss, Plaintiff filed her Motion for Leave, attempting to substitute Plaintiff Maguin with Cassandra Boyle and Katie Simms. *See* Dkt. 26. Plaintiff's Motion for Leave

*conceded* that Defendant has no record of Plaintiff Maguin and, therefore, Cassandra Boyle and Katie Simms would be better situated to represent the putative class. *See* Dkt. 26, ¶¶ 6-7.[1]

Defendant opposed the Motion for Leave and Plaintiff failed to file a motion in reply. The Court denied Plaintiff's Motion for Leave to substitute the named plaintiffs, which has the effect of leaving the First Amended Complaint as the operative complaint. However, the First Amended Complaint suffers from the same infirmities as the attempted Second Amended Complaint. Indeed, the Court found that, "Proposed plaintiff Simms does not dispute Persona's evidence that she did not sign up to be a DoorDash driver and did not submit her driver's license photo or a selfie to DoorDash via Persona's API." *See* Dkt. 33, p. 3.

Therefore, while the Court denied Plaintiff's Motion for Leave, it should have also dismissed Plaintiff's First Amended Complaint, pursuant to the arguments raised in Defendant's unopposed Motion to Dismiss the First Amended Complaint that Defendant also had no record of Plaintiff Sheryl Maguin. *See* Dkt. 25. Courts commonly dismiss complaints where a defendant has moved to dismiss the complaint and a plaintiff's proposed amendment proves futile. When a pleading would be futile because it suffers from the same infirmities as the original complaint, the court may deny the motion for leave *and dismiss the complaint*.

In *Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750, 759 (7th Cir. 2002), the court was faced with similar circumstances as here, and ultimately dismissed plaintiff's complaint explaining that,

---

[1] A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and is generally known within the territorial jurisdiction of the trial court." *Lysengen on behalf of Morton Buildings, Inc. Leverage Emp. Stock Ownership Plan v. Argent Tr. Co.*, 498 F. Supp. 3d 1011, 1017 (C.D. Ill. 2020). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Therefore, here, the Court may take judicial notice of prior pleadings in this matter which show that Plaintiff did not dispute Defendant's motions to dismiss, and declaration, and they are, therefore, uncontested. Further, the Court may take judicial notice that Plaintiff conceded that Plaintiff Maguin was not an adequate representative for the putative class complaint.

>even after the defendants' moved to dismiss the first amended complaint, Thompson failed to cure the deficiencies with the subsequent second amended complaint. Then, only after the defendants' moved to dismiss the remaining counts—including the added count in the second complaint—did Thompson attempt to cure the deficiencies that were evident since the first complaint. Thompson delayed in filing a motion to amend, twice, until after the defendants had moved to dismiss. The last delay prejudiced the defendants by forcing them to articulate reasons for dismissal, and, at the same time providing Thompson with the opportunity to correct mistakes facially apparent since the first complaint after the defendants had shown their hand. The district court did not abuse its discretion in denying further leave to amend and curtailing this cat and mouse game of motions to dismiss followed by a motion to amend.

*Id.*

Like *Thompson*, the deficiencies identified in Defendant's first motion to dismiss were not cured by Plaintiff's Amended Complaint and the deficiencies identified in Defendant's second motion to dismiss were not cured by Plaintiff's proposed Second Amended Complaint. Therefore, Plaintiff's First Amended Complaint should be dismissed to put an end to Plaintiff's extended cat and mouse game of motions to dismiss followed by motions to amend. *See also Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822–23 (7th Cir. 2011) (upholding district court's dismissal of case where amended pleading would be futile); *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 610 (N.D. Ill. 2015), aff'd, 900 F.3d 521 (7th Cir. 2018) ("Futile repleadings include restating the same facts using different language, reasserting claims previously determined, and the *inability to survive a motion to dismiss.*")

## II. The Court Should Not Remand The Case Because It Has Authority To Dismiss The First Amended Complaint.

Plaintiff's inability to state a claim does not mean the Court lacks subject jurisdiction to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6). If the case is remanded to state court, the Complaint suffers the same infirmities as it does in federal court and, therefore, the Complaint should be dismissed on 12(b)(6) grounds rather than remanded. This is unlike a dismissal made based on lack of subject matter jurisdiction, where a complaint could

survive in state court because state courts are courts of general jurisdiction. Failure to state a plausible claim does not divest the Court of jurisdiction, otherwise the Court would never be able to decide a 12(b)(6) claim on the merits. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 Motions to Dismiss—Practice Under Rule 12(b)(6) (3d ed.) ("A dismissal under Rule 12(b)(6) is likely to be granted by the district court when the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to securing relief" and "[i]n such cases, dismissal is justified because the allegations of the complaint itself clearly demonstrate that whatever interpretation is given to the facts the plaintiff does not have a claim that is legally redressable; in a real sense, the plaintiff has pleaded himself or herself out of federal court.")

This is not a question of jurisdiction; it is a question of whether Plaintiff Maguin could re-plead any set of facts to state a plausible claim—the answer is no, as explained in Defendant's Opposition to Plaintiff's Motion for Leave and Defendant's Motion to Dismiss. The operative First Amended Complaint, therefore, should be dismissed with prejudice because she fails to state a claim upon which relief can be granted – in any jurisdiction.

## Conclusion

WHEREFORE, Defendant Persona Identities, Inc. respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and for any other relief as the Court deems just.

Dated: May 25, 2022

Respectfully submitted,

/s/ Amy L. Lenz
Amy L. Lenz
Bonnie Keane DelGobbo
**BAKER & HOSTETLER LLP**
One N. Wacker Dr., Suite 4500

4866-6755-0495.2

Chicago, IL 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
alenz@bakerlaw.com
bdelgobbo@bakerlaw.com

Joel Griswold
**BAKER & HOSTETLER LLP**
200 S. Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

*Attorneys for Defendant Persona Identities, Inc.*

4866-6755-0495.2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **MOTION IN RESPONSE TO COURT'S MAY 11 ORDER AND REQUESTING RULING ON DEFENDANT'S UNOPPOSED MOTION TO DISMISS FIRST AMENDED COMPLAINT** to be served on counsel of record via ECF on May 25, 2022, to:

Jordan R. Frysinger
Timothy P. Kingsbury
Colin P. Buscarini
McGuire Law, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

/s/ Amy L. Lenz

4866-6755-0495.2