IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sheryl Maguin, individually and on behalf of similarly situated individuals,<br><br>                Plaintiff,<br><br>         v.<br><br>Persona Identities, Inc.,<br><br>                Defendant. | Case No. 21-cv-6478<br><br>Judge Joan B. Gottschall |

## ORDER

By order dated May 11, 2022, the parties were given 14 days "to tell the court any reason why plaintiff Sheryl Maguin's individual claim should not be dismissed without prejudice for want of Article III standing and why this case should not be remanded to state court for lack of standing." ECF No. 33 at 4 (citing 28 U.S.C. § 1447(c) and *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020)). Federal courts must raise the jurisdictional question of Article III standing on their own initiative. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). Article III standing "has three elements: 'The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Matushkina v. Nielsen*, 877 F.3d 289, 292 (7th Cir. 2017) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Persona, as the party invoking this court's subject matter jurisdiction via a notice of removal, bears the burden to establish that Article III standing exists. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (citing *Tri–State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352–53 (7th Cir. 2017)).

According to the first amended complaint, named plaintiff Sheryl Maguin signed up to be a driver for the DoorDash online delivery service in 2019 (DoorDash, Inc., the service's operator,

is not a party). First Am. Compl. ¶ 22, ECF No. 18. DoorDash's app allegedly submitted facial recognition data for Maguin, gathered from a selfie and a picture of her driver's license, to an Application Programming Interface ("API") provided by Persona. *See id.* ¶¶ 18–29. From *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), it is clear that Maguin's alleged concrete injury, the collection of her private facial recognition data, satisfies the injury in fact requirement for standing.

However, Persona presented evidence in support of its motion to dismiss for failure to state a claim that its API did not cause Maguin's alleged injury. Specifically, Persona's chief operating officer averred that Persona has no record of a "Sheryl Maguin," that DoorDash did not use Persona's API in 2019 when Maguin allegedly signed up to be a driver, and that DoorDash has not used Persona's API to authenticate drivers who were existing drivers when DoorDash began using Persona's API. Decl. of C. Kim ¶¶ 3–4, 6, Feb. 18, 2022, ECF No. 25-1. This evidence stands uncontested on this record.

Persona argues that dismissal with prejudice is the proper remedy, citing a legal treatise for the following broad proposition: "Failure to state a plausible claim does not divest the Court of jurisdiction, otherwise the Court would never be able to decide a 12(b)(6) claim on the merits." ECF No. 34 at 6–7 (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. West 2022)). This broad proposition does not carry Persona's burden to show that Maguin has standing because, while correct, it provides no meaningful assistance in drawing the line between merits and standing causation issues.

"Because federal courts possess limited jurisdiction, and '[j]urisdiction is power to declare the law,' the first step in any federal lawsuit is ensuring the district court possesses authority to adjudicate the dispute—in short, that it has jurisdiction over the subject matter."

2

*Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). A federal court must therefore assure itself that Article III standing exists before reaching the merits. *See Steel Co.*, 523 U.S. at 101–02. "The line between a lack of standing and a failure to state a claim for relief on the merits can be a fine one." *Matushkina*, 877 F.3d at 292. The Supreme Court has made clear that the traceability requirement for standing (that the injury be fairly traceable to the defendant's conduct) is less rigorous than the common law proximate causation standard, which is a merits issue. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). "Standing is not always lost when the causal connection is weak, and a defendant's actions need not be 'the very last step in the chain of causation.' " *J.B. v. Woodard*, 997 F.3d 714, 720 (7th Cir. 2021) (quoting *Doe v. Holcomb*, 883 F.3d 971, 978 (7th Cir. 2018)).

The problem here is not the length of the chain of causation between Maguin's alleged injuries and Persona's conduct. Rather, the undisputed evidence shows that no causal link whatsoever exists between Persona's conduct and Maguin's alleged injuries. "The lack of any causal nexus between" Persona's conduct and Maguin's "alleged injury defeats standing." *J.B.*, 997 F.3d at 720; *accord California v. Texas*, 141 S. Ct. 2104, 2114 (2021); *Kathrein v. City of Evanston*, 636 F.3d 906, 913 (7th Cir. 2011).

For the reasons stated, this case is remanded under 28 U.S.C. § 1447(c) to the Circuit Court of Will County, Illinois, for lack of subject matter jurisdiction, specifically Article III standing. Persona's motions to dismiss the first amended complaint for failure to state a claim, ECF Nos. 25 and 34, are denied without prejudice to renewal in state court.

Dated: June 7, 2022                                /s/
                                                                           Joan B. Gottschall
                                                                           United States District Judge